HERNÁNDEZ *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Guayama.

No. 55.—Decided June 7, 1910.

DECLARATION OF OWNERSHIP OF A HOUSE STANDING ON A LOT BELONGING TO THE MUNICIPALITY.—The judgment of a district court declaring that two houses belonging to the petitioner and situated on lots owned by the municipality are not recordable, because the soil being the principal property and the buildings situated thereon only appurtenances, the houses cannot be admitted to record unless the lots have been previously recorded.

JUDGMENT IN PROCEEDINGS TO ESTABLISH OWNERSHIP—POWER OF THE REGISTRAR TO DENY RECORD ON GROUND OF INSUFFICIENCY OF EVIDENCE.—A registrar has no authority to refuse to record a judgment declaring ownership, on the ground that the time during which the predecessor in interest possessed the property is not stated in the possessory proceedings had before a court of competent jurisdiction rendering judgment upon the evidence adduced before it.

The facts are stated in the opinion.

*Mr. S. V. F. Rodríguez Ortiz* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

Pedro Rosario Hernández commenced proceedings in the District Court for the Judicial District of Guayama, to prove his ownership to two frame houses situated in the town of Aibonito, built on two lots belonging to the municipality, and the proceedings were made to include a tract of land consisting of 12½ *cuerdas,* situated in *barrio* Pasto of the said town; and said court, in consideration of the evidence adduced, rendered judgment on January 20 last declaring that he was the owner of the properties therein described and ordered the Registrar of Property of Guayama to record the three properties in favor of Pedro Rosario Hernández.

A certified copy of the said decision having been presented at the registry of property for record, the registrar refused to record the same, by a decision dated April 14 last, which reads as follows:

"The record of the foregoing document is denied as to the urban properties referred to under Nos. 1 and 3, and because it appears from the record that the lot on which the said houses are situated belongs to the municipality of Aibonito and does not belong to the petitioner; and the record of the rural property is also denied, because it is not stated either in the original papers, or in the addition thereto, what length of time Antonio Pasalacqua, the predecessor in interest, was in possession thereof, but a cautionary notice, effective for 120 days, is entered at folios 247 of volume 11 of Aibonito, property No. 667, entry letter A; and 1 and 4 of volume 12 of the said municipality, properties No. 668 and 669, entries letter A. Guayama, April 14, 1910. The Registrar, Felipe Cuchí."

An appeal was taken from the foregoing decision by Pedro Rosario Hernández who, for the reason set forth, prays for the reversal thereof, and that the registrar be ordered to enter the record sought.

Upon an examination of the decision of the registrar we find it correct as to the two houses, because, as they are situated on lots belonging to the municipality of Aibonito, they cannot be recorded in the registry, unless the lots are previously recorded, according to the decisions of the General Directorate of Registries of Spain, of September 1, 1863, January 1 and February 22, 1864, and July 22, 1874. Buildings are appurtenant to the soil.

This is not the case in regard to the rural tract of land because the ownership thereof has been declared proven by the District Court of Guayama, by virtue of evidence adduced before a competent court, in proceedings authorized by section 395 of the Mortgage Law; and it does not appear that there is any entry in the registry which would prevent the admission of the title of ownership to the said land to record.

For the reasons set forth we are of the opinion that the decision appealed from should be affirmed, in respect to the two houses, and reversed as to the tract of land, which should be recorded, as prayed.

*Decided accordingly.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.